UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 324 PENSION FUND, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LARAMIE ENTERPRISES, INC., *et al.*,<br><br>　　　　　Defendants. | Case No. 22-cv-10709<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

Plaintiffs, the funds collecting employee benefit contributions (the "Funds"), move to strike Defendant Laramie Enterprises, Inc.'s jury demand for its counterclaim. ECF No. 62. The Honorable Shalina D. Kumar referred the case to the undersigned for all non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A). ECF No. 69.

The Funds bring this ERISA collection action under 20 U.S.C. § 1145 and 29 U.S.C. § 1132(g)(2), claiming that Laramie failed to make fringe benefit contributions as required under a collective bargaining agreement (CBA). ECF No. 1. In its answer and counter-complaint, Laramie asserts

that it overpaid benefits because the Funds charged it higher rates set forth in a memorandum of understanding that conflicted with the CBA.  ECF No. 6, PageID.28-29; ECF No. 27, PageID.380-381.  Laramie's sole remaining counterclaim for equitable restitution and unjust enrichment seeks a refund of those overpayments.  ECF No. 27, PageID.384.

The Funds move to strike Laramie's jury demand because its counterclaim is equitable in nature.  ECF No. 62.  The Funds are correct that there is no right to a jury trial in an action seeking purely equitable relief.  *Crews v. Central States, Se. & Sw. Areas Pension Fund*, 788 F.2d 332, 338 (6th Cir. 1986).  But if a case involves both equitable and legal claims that hinge on the same factual issues, those factual issues must be tried before a jury.  *Provident Life & Acc. Ins. Co. v. Adie*, 982 F. Supp. 1269, 1271-72 (E.D. Mich. 1997).

The parties must submit supplemental briefing addressing (1) whether the Funds' ERISA claim must be tried before a jury[1] and (2) whether Laramie's counterclaim involves factual issues that overlap with the Funds' ERISA claim, which would need to be resolved by a jury.  The Funds must file their supplement by **November 19**, and Laramie's

---

[1] Although the Funds did not make a jury demand in their complaint, Laramie demanded one in its answer.  ECF No. 6.

response must be filed by **November 26**. The motion will be addressed during the hearing scheduled for **December 9, 2024, at 11:00 a.m.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 12, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2024.

                                          <u>S/Davon Allen</u>
                                          DAVON ALLEN
                                          Case Manager