UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 324 PENSION FUND, *et al.*, <br><br>　　　　　　　　Plaintiffs, <br><br>v. <br><br>LARAMIE ENTERPRISES, INC. <br><br>　　　　　　　　Defendant, <br><br>*and* <br><br>LARAMIE ENTERPRISES, INC., <br><br>　　　　　　　　Third-Party Plaintiff, <br><br>v. <br><br>GREAT LAKES FABRICATORS & ERECTORS ASSOCIATION, <br><br>　　　　　　　　Third-Party Defendant. | Case No. 22-cv-10709 <br> Honorable Shalina D. Kumar <br> Magistrate Judge Elizabeth A. Stafford |

**ORDER ON DISCOVERY MOTIONS**
**(ECF NOS. 61, 66, 88, 96)**

**A.**

Plaintiffs, the funds collecting employee benefit contributions ("the Funds"), sued Laramie Enterprises, Inc., and Laramie filed both a

counterclaim and a third-party complaint against Great Lakes Fabricators & Erectors Association.  ECF No. 1; ECF No. 7; ECF No. 27.  The Honorable Shalina D. Kumar referred the case to the undersigned for all non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A).  ECF No. 69.  The Court has entered a report and recommendation (R&R) addressing the Funds' and Great Lakes' motions for sanctions related to Laramie's obstruction of all but one deposition of its witnesses.  ECF No. 104.  The remaining discovery motions are the Funds' motion to strike Laramie's expert witnesses (ECF No. 61); Laramie's motion to compel complete discovery responses from the Funds (ECF No. 66); the Funds' emergency motion for protective order for depositions Laramie noticed (ECF No. 88); and Laramie's motion to compel those depositions (ECF No. 96).  The Court addresses these motions below.

**B.**

The Funds move to strike Laramie's listed expert witnesses, Bob Berar, Cary Dexter, and Chip Laramie because Laramie made no expert disclosures.  ECF No. 61.  Under Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Disclosures are required for each expert,

2

regardless of whether the expert has been specially retained to provide expert testimony. Rule 26(a)(2)(B) & (C); *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017). "The remedy for the failure to file the required expert report is exclusion of the opinion testimony, unless the [party] can establish that the insufficiency in their disclosures was either substantially justified or harmless." *Avendt v. Covidien Inc.*, 314 F.R.D. 547, 559 (E.D. Mich. 2016) (citing Rule 37(c)(1)).

Laramie admits that it made no expert disclosures but asserts that none were required. ECF No. 67. Citing *Ramsey v. Rivard*, 694 F. Supp. 3d 955, 972-73 (E.D. Mich. 2023), Laramie reasons that its witnesses are not retained but are "lay experts" who possess "specialized knowledge." *Id.*, PageID.1014-1015. But *Ramsey* describes "lay opinion," not "lay experts." 694 F. Supp. 3d at 972-73. And the *Ramsey* court required no expert disclosures because the "proposed testimony [fell] within the ken of either straightforward factual information or lay opinions based on facts." *Id.* at 972. In contrast, as described in *Ramsey*, "'expert' testimony under that rule consists of opinions or commentary grounded in specialized knowledge, that is, knowledge that is beyond the ken of the average juror." *Id.* (cleaned up). So *Ramsey* offers no support for Laramie's plan to have

3

its witnesses offer testimony based on their specialized knowledge without having made expert disclosures.

Laramie made no effort to show that its failure to make expert disclosures was substantially justified or harmless, so it's witnesses may offer no expert opinion under Rules 702, 703, or 705 at trial or for motions for summary judgment. *Kassim*, 320 F.R.D. at 455; *McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 932 (E.D. Ky. 2014). The Funds' motion to strike is **GRANTED**.

## C.

The Court next addresses Laramie's motion to compel the Funds to provide more complete responses to its discovery requests. ECF No. 66. As noted in the R&R, Laramie's motion lacked analysis about the relevance or proportionality of its discovery requests under Rule 26(b)(1), so it waived its requests for relief; and Laramie's omnibus requests for production of documents were not posed with reasonable particularity. ECF No. 44, PageID.1483-1485. The Court thus **DENIES** Laramie's motion to compel.

## D.

The Funds' emergency motion for protective order and Laramie's motion to compel depositions both relate to Laramie's November 18, 2024 notices for four depositions on the discovery deadline, December 2, 2024.

4

ECF No. 88; ECF No. 96.  The Court temporarily granted the Funds' emergency motion for protective order and instructed Laramie to file a response by December 4, 2024 "addressing whether good cause exists to adjourn the discovery deadline to accommodate the depositions it seeks." ECF No. 91, PageID.1291.

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1).  The rule does not specify the number of days required for reasonable notice; "court[s] consider[] the circumstances of the particular case.'" *Burket v. Hyman Lippitt, P.C.*, No. CIV.A. 05-72110, 2008 WL 718180, at *2 (E.D. Mich. Mar. 14, 2008).  "[T]he analysis is necessarily case-specific and fact-intensive," so what is "reasonable even in a late stage" with "depositions [that] are to occur virtually hours before the discovery cut-off" depends on whether counsel can "accommodate the belatedly filed notices." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005)."

The R&R details the events leading up to Laramie's last-minute notices after months of obstructing the Funds from taking all but one deposition.  ECF No. 104, PageID.1469-1480.  Laramie's attorney did not raise an intention to depose any witnesses until November 12, 2024, the

5

same date that he once again made excuses to thwart the Funds' efforts to secure its depositions. *Id.*, PageID.1479. Laramie first sought to have the depositions in the first two weeks of December, which would have extended beyond the discovery deadline. *Id.* Then Laramie served the notices eight business days before the December 2 date on which it scheduled the depositions. *Id.*

The Court finds that Laramie did not give reasonable notice of its depositions because it made no effort to confer with opposing counsel about scheduling its depositions within the discovery period. *See Cramer v. Oak Haven Resort, Inc.*, No. 3:16-CV-491-HBG, 2018 WL 10384172, at *1 (E.D. Tenn. Aug. 17, 2018) (reasonable notice was not given when the plaintiff filed her notice to take a deposition six days later without conferring with other counsel). And Laramie's notice was especially unreasonable when the Funds were still expending so much time and resources on attempting to secure their own depositions—a months-long endeavor that Laramie repeatedly stymied. With the Funds still focused on trying to secure their own depositions, they did not have enough time to prepare for those that Laramie sought. *See Smith v. Stephens*, No. 2:10-CV-13763, 2012 WL 899347, at *3 (E.D. Mich. Mar. 16, 2012) (to be reasonable, notice must give opposing counsel an opportunity to prepare).

As noted, when the Court temporarily granted the Funds' emergency motion for protective order, it instructed Laramie to address "whether good cause exists to adjourn the discovery deadline to accommodate the depositions it seeks." ECF No. 91, PageID.1291. But Laramie addressed good cause in neither its responsive brief nor its motion to compel the depositions. ECF No. 93; ECF No. 96.

A party seeking an extension of the discovery deadline must show good cause. Fed. R. Civ. P. 16(b)(4). Several factors are considered when determining whether to permit more discovery, with the "overarching inquiry" being "whether the moving party was diligent in pursuing discovery." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). Here, though Laramie claimed that the Funds' discovery responses were inadequate, it waited months to complain that the Funds' discovery responses were inadequate and only did so as an excuse to thwart the Funds' depositions. *See* ECF No. 104, PageID.1469-1480, 1481-1485. Though Laramie sometimes claimed in emails to wanting to meet and confer with the Funds about its discovery responses, Laramie's actions belied any interest in wanting to have a meaningful conference. *Id*. And Laramie did not even raise an interest in scheduling depositions until three weeks before the discovery deadline. *Id.* at 1479. Laramie was far from

7

diligent in pursuing discovery, including its depositions, so the Court finds no good cause for extending the discovery deadline to allow Laramie's depositions.

In sum, the Court **GRANTS** the Funds' motion for protective order and **DENIES** Laramie's motion to compel depositions.  ECF No. 88; ECF No. 96.

**IT IS ORDERED.**

Dated: January 13, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

8

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 13, 2025.

                                                     s/Davon Allen
                                                     DAVON ALLEN
                                                     Case Manager