UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 324 PENSION FUND, et al., | |
| Plaintiffs, | Case No. 22-10709 |
| | Honorable Shalina D. Kumar |
| v. | Magistrate Judge Elizabeth A. Stafford |
| LARAMIE ENTERPRISES, INC., Defendant. | |
| *and* | |
| LARAMIE ENTERPRISES, INC., Third-Party Plaintiff, | |
| v. | |
| GREAT LAKES FABRICATORS & ERECTORS ASSOCIATION, Third-Party Defendant, | |

**OPINION AND ORDER OVERRULING DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF'S OBJECTIONS (ECF NO. 108), ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 104), DISMISSING WITH PREJUDICE THE AMENDED COUNTERCLAIM (ECF NO. 19) AND THIRD-PARTY COMPLAINT (ECF NO. 7), AND PROHIBITING DEFENDANT'S USE OF TESTIMONY FROM UNPRODUCED WITNESSES**

## I.      Introduction

Plaintiffs, the various funds collecting employee benefit contributions from unionized employers on behalf of their members ("the Funds"), filed this collective action under 20 U.S.C. § 1145 and 29 U.S.C. § 1132(g)(2) for unpaid employee benefit contributions from defendant/counter-plaintiff Laramie Enterprises, Inc. ("Laramie"), and Laramie filed both a counterclaim and a third-party complaint against Great Lakes Fabricators & Erectors Association ("Great Lakes"). ECF No. 1; ECF No. 7; ECF No. 27. This case was referred to the assigned magistrate judge for all non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A). ECF No. 69.

The Funds and Great Lakes move the Court to sanction Lamarie, including the dismissal of Laramie's second amended counterclaim and third-party complaint. ECF Nos. 63, 83, 92. The magistrate judge issued a Report and Recommendation ("R&R"), ECF No. 104, in which she found that Laramie had acted in bad faith to obstruct plaintiffs' efforts to conduct depositions. The R&R recommends that the Court impose sanctions, specifically dismiss Laramie's second amended counterclaim and third-party complaint, preclude the undeposed witnesses from offering testimony during the dispositive motion practice or trial, and pay the Funds' and Great

Lakes' expenses and attorney fees under Federal Rule of Civil Procedure 37(b)(2). *Id.* Laramie filed timely objections, and the Funds and Great Lakes each filed a response to those objections. ECF Nos. 108, 111, 112.

## II.   Background

The magistrate judge included a comprehensive recitation of facts in the R&R, which the Court will not duplicate here. ECF No. 104.

Laramie challenges certain facts as laid out in the R&R. First, Laramie claims it was not until the November 5th status conference that the magistrate judge indicated that Laramie could not withhold witnesses for deposition based on the Funds' failure to supplement their discovery responses to Laramie's satisfaction. ECF No. 108, PageID.1531. But an exchange between the magistrate judge and Laramie's attorney Byran Kontry at the hearing on the motions now before the Court contradicts this contention.

> The COURT: Mr. Kontry,…you were at the status conferences, you heard me say that it was improper to condition depositions on your satisfaction with…opposing parties' discovery, that…you can't unilaterally decide not to go forward with depositions based upon that dissatisfaction. **Did you not hear me say that during the status conferences?**
>
> Mr. KONTRY: **No, Judge. I heard you say that.**

> THE COURT: So then on October 31st, when responding to an email about the depositions, you said, Also your supplemental discovery is inadequate. We cannot proceed with depositions until the Funds respond in good faith. So did you just intentionally disregard my instruction?

ECF No. 103, PageID.1441-42. Attorney Kontry goes on to try to explain that, despite his clear statement that depositions could not proceed without further response from the Funds, he used the word "also" in his October 31st response because his primary reason for objecting to the depositions was his unavailability.[1] *See id.*, PageID.1442-43. Notably, he does not then argue to the magistrate judge that, on October 31st, the date of the email exchange with the Funds' counsel, he had yet to be told by the court that it was improper to condition the availability of Laramie's witnesses on supplemental discovery from the Funds and that it was not until the status conference on November 5th that he was so advised. *See id.*

Second, Laramie disputes that the magistrate judge warned the parties that they could face sanctions, including dismissal or default

---

[1] The magistrate judge was clearly not convinced by this argument: "I read the email….So don't insult my intelligence. This is plain English. [Kontry] said that [the Funds' unsatisfactory discovery responses] was a reason, an independent reason, for not going forward with the…depositions after I had told him that that was not proper. So, please, let's not…." ECF No. 103, PageID.1450.

judgment, if they violated the rules of discovery or the Court's orders prior to the status conference held on November 5, 2024. ECF No. 108, PageID.1555.  The magistrate judge indicates in the R&R that she issued a verbal warning to that effect at the status conference held with the parties on October 1, 2024, ECF No. 104, PageID.1474, and counsel for the Funds and Great Lakes agree that such a warning was then made. ECF No. 111, PageID.3825; ECF No. 112, PageID.4084-85. Moreover, the magistrate judge's follow-up order regarding discovery matters documented that "[t]he Court warned counsel *for the second time* that they and the parties could face sanctions…, including an involuntary dismissal or default judgment, if the Court finds that they have violated the rules of discovery or prior court orders." ECF No. 80, PageID.1072-73 (emphasis added). Likewise, Great Lakes specifically referenced the magistrate judge's warnings that Laramie's conduct related to producing witnesses for deposition could warrant sanctions at both the October 1st and November 5th status conferences in its motion for sanctions filed November 27, 2024. ECF No. 92, PageID.1309. Notably, Laramie does not deny receiving these warnings in its response to Great Lakes' motion, nor did it argue lack of

notice at the hearing before the magistrate judge on the motion for sanctions. *See* ECF No. 94; ECF No. 103.

Laramie also contests the Funds and Great Lakes' assertions that its counsel never offered available dates for any of the depositions counsel for the Funds repeatedly tried to schedule. The magistrate judge tried, without success, to tease out when and how Laramie attempted to cooperate with the Funds' counsel to schedule the Laramie witnesses for deposition. *See, e.g.*, ECF No. 103, PageID.1462-64. Counsel for Laramie pointed to an email sent to the Funds' counsel less than 12 hours before a scheduled deposition and less than three weeks before the close of discovery, indicating that they had scheduling conflicts with all the noticed depositions. ECF No. 92-3, PageID.1358-59. The email ends: "Rather than drafting deposition notices for arbitrary dates, why don't you let me know the timeframe you are looking at. Within a week, I will coordinate with my client and let you know which dates work for us." *Id*. But, as counsel for the Funds pointed out, it had sought to take these depositions for about four months and had unsuccessfully noticed them three separate times. *Id*. With the discovery deadline less than three weeks away and the intervening Thanksgiving holiday, the magistrate judge agreed that Laramie counsel's

offer to "within a week" "let you know which dates work for us" was a disingenuous overture rather than legitimate cooperation. *See id*.; *see also* ECF No. 103, PageID.1464.

Laramie counsel's claim, asserted for the first time in its objections, that he verbally offered counsel for the Funds dates in September and October is equally specious. See ECF No. 108, PageID.1523, 1544. None of the parties' many emails back and forth reference such an offer, and, according to counsel for the Funds, the parties had no verbal communication after August 16, 2024. ECF No. 111, PageID.3827 n.4.

### III.    Standard of Review.

As noted in the R&R, "the parties to this action may object to and seek review of this Report and Recommendation but are required to file any objection within 14 days of service, as provided in the Federal Rule of Civil Procedure 72 (b)(2) and Local Rule 72.1(d)." ECF No. 104, PageID.1490. "A failure to file timely objections not only waives the right to de novo review of a Magistrate Judge's Report and Recommendation but dispenses with the need for the district court to conduct any review." *Jones v. Warden, Ross Corr. Inst.*, 2013 WL 6230365, at *2, (S.D. Ohio Dec. 2, 2023) (citations omitted).

A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court form its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted). Absent "compelling reason," arguments or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 939 (6th Cir. 1988)).

## IV.    Discussion

Before addressing Laramie's objections individually, the Court notes that it never presented any of the arguments contained within those

objections. *Compare* ECF Nos. 86, 89, 90, 94, *with* ECF No. 108.

Accordingly, Laramie has waived these arguments, and the Court need not

consider the substance of Laramie's objections. *See Murr*, 200 F.3d at 902.

Nonetheless, even if the Court were to consider Laramie's objections, they

would fail on the merits.

### A. Objection #1: Counsel for Laramie Did Not Act in Bad Faith

A district court may sanction parties with entry of dismissal or default

judgment for discovery abuses. *KCI USA, Inc. v. Healthcare Essentials,*

*Inc.*, 801 F. App'x 928, 933 (6th Cir. 2020) (citing Rule 37(b)(2)(A)(vi)).

Courts consider four factors in this analysis:

>   1) whether the disobedient party acted in willful bad faith;

>   2) whether the opposing party suffered prejudice;

>   3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and

>   4) whether less drastic sanctions were imposed or considered.

*Id*. at 934. Although no one factor is dispositive, bad faith is the preeminent

consideration. *Id*. Dispositive relief is proper against a party who has

engaged in contumacious conduct, perverse resistance of authority, or

stubborn disobedience. *Id*. Dispositive relief as a sanction is appropriate

when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir. 1992).

As noted, the most important consideration is whether Laramie "acted in willful bad faith." *KCI*, 801 F. App'x at 934. Courts find willful bad faith when the party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). The Court agrees with the R&R's conclusion that Laramie either intended to thwart or acted with reckless disregard toward the Funds' noticed depositions of Laramie witnesses.

With its objection, Laramie attempts to deflect attention from its own defiant conduct by highlighting the Funds' discovery issues and by continuing its practice of blaming the Funds' counsel for its failure to produce Laramie's witnesses for deposition. *See* ECF No. 108, PgID.1541-49. Laramie argues that "the sanctioned event was Counsel's failure to produce witnesses for unilaterally scheduled depositions on short notice." *Id*. at PageID.1543. This argument overlooks the fact that, despite the repeated entreaties from the Funds' counsel over the course of three

Page **10** of **22**

months, it never offered a single date that its counsel and witnesses were available to be deposed. But more importantly, it dodges the real contumacious conduct for which the magistrate judge recommends the sanction of dismissal.

As set forth in detail in the R&R, Laramie demonstrated an intent to thwart or reckless disregard for the judicial proceedings by continuously refusing to "proceed with depositions until the Funds respond[ed] in good faith" to Laramie's discovery requests, even after the magistrate judge categorically told Laramie it could not condition the depositions on its satisfaction with the Funds' discovery responses. ECF No. 104, PageID.1482. The magistrate judge determined that Laramie's lack of urgency and refusal to engage in meaningful meet-and-confer discussions or to particularize the documents it sought from the Funds illustrated a lack of genuine concern over withheld discoverable documents, and instead demonstrated that the alleged insufficient discovery responses were invoked as a ploy to forestall the depositions of Laramie witnesses. *Id*. at PageID.1485.

Most of the cases cited by Laramie to support its objection are distinguishable from this case because the courts in those cases did not

find a clear record of contumacious conduct that the magistrate judge found

and set forth here, or they found a lack of prejudice, notice, both, or all of

the above. *See, e.g., Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.

1980); *Stough v. Mayville Comm. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998);

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001); *Prime

Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 314 (6th Cir. 2015).

The exception is *Lovingood v. Monroe County*, an unpublished Sixth

Circuit opinion. 2022 WL 17069662 (6th Cir. Nov. 17, 2022). The Sixth

Circuit reversed the district court's finding of contumacious conduct, holding

that the record did not support such a finding. *Id*. at *5.  But *Lovingood* is

distinguishable from this case. That court determined that Lovingood's

counsel's conduct was distinctly less culpable than that of attorneys in

cases where dismissal was warranted. *Id*. at *6 (citing *Harmon v. CSX

Transp. Inc.*, 110 F.3d 364, 366-68 (6th Cir. 1997) and *United States v.

Reyes*, 307 F.3d 451, 457 (6th Cir. 2002)). In those cases, the *Lovingood*

court points out, the attorney repeatedly ignored the defense counsel's

persistent pursuit of discovery, through letters, a motion to compel, and a

motion to dismiss and ignored the court's order compelling him to produce

the discovery that defendant so tenaciously pursued. *See id*. Like those

cases warranting dismissal, Laramie's counsel doggedly refused the Funds' counsel's repeated requests for dates he and Laramie's witnesses were available for deposition, despite refusing to produce those witnesses according to three separate notices of deposition issued by the Funds' counsel. *See id.* Laramie's counsel also blatantly and continually disregarded the magistrate judge's admonishment that it could not condition producing witnesses for deposition on its satisfaction with its opponent's discovery responses.

Laramie argues that this case is distinguishable from cases where courts dismissed claims as a sanction only after they issued an order compelling the party to produce information and the opposing party filed a motion to dismiss, both providing notice. *See, e.g., Harmon*, 110 F.3d at 366-68. Incredibly, Laramie contends that, "**Here, no prior order or notice was entered or given**." ECF No. 108, PageID.1541 (emphasis in original). To the contrary, the magistrate judge warned the parties both verbally and by written order, *see* ECF No. 80, that sanctions including dismissal or default judgment, would be considered for violative conduct. Moreover, both the Funds and Great Lakes sought dismissal as a sanction for Laramie's discovery abuses. *See* ECF Nos. 83, 92. The brazen falsity of

Laramie's contention corroborates the contumaciousness warranting the sanctions recommended by the magistrate judge. Laramie's first objection is overruled.

### B. Objection #2: Opposing Parties Did Not Suffer Prejudice

Laramie argues that the prejudice factor does not support dismissal of its claims. They argue that the Funds have not been permanently deprived of deposition testimony from any of the subject witnesses—that all the witnesses are alive and that Laramie's counsel "is happy to produce them at a mutually agreeable time and date." ECF No. 108, PageID.1550. Laramie's argument entirely disregards that discovery in this matter closed on December 2, 2024. Laramie never moved to extend the discovery deadline, which had already been extended three times for a total discovery period of nearly 14 months. *See* ECF Nos. 47, 55, 59, 77. Given the extended time already permitted for discovery and the advanced age of the case, the Court would have almost certainly denied a further extension even if one had been requested.

As Laramie points out, "[a] party is prejudiced when it is unable to secure the information requested and required to waste time, money, and effort in pursuit of cooperation which the opposing party was legally

obligated to provide." *Barron v.University of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015). And "where the obstruction prevented the other party from accessing evidence needed" to prosecute the case, dismissal is the appropriate sanction. *See Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008). Laramie's obstruction—withholding all but one witness for four months, then demanding a week to consider further requested dates for ten depositions with less than three weeks and an intervening holiday before the close of discovery—prejudiced the Funds and Great Lakes by preventing them from accessing evidence needed to prosecute and defend their cases.

Laramie contends that any prejudice suffered by the Funds and Great Lakes does not justify dismissal of its claims against them because the alleged wrongful conduct did not go to the central elements of the case. *See Clark v. Abdallah*, 2023 WL 2401695, at *5 (E.D. Mich. Mar. 8, 2023). The Funds note in their response to this objection what should be obvious—they "cannot defend against Laramie's Counterclaim…without deposing its named witnesses." ECF No. 111, PageID.3845. Likewise, Great Lakes notes in its response that Laramie's refusal to produce its named witnesses, particularly Chip Laramie, blatantly prejudices it because

Laramie produced no written contract it claims existed between it and Great Lakes, and instead indicated that Mr. Laramie would testify to the facts supporting Laramie's claim against Great Lakes. The Court agrees that withholding all named witnesses from deposition unquestionably conceals information central to the opposing parties' cases and rejects Laramie's spurious argument to the contrary. Objection #2 is overruled.

### C. Objection #3: Laramie Lacked Sufficient Notice of Dismissal

Laramie's claim that it was not adequately warned that its conduct could result in dismissal is equally baseless. As discussed in connection with Objection #1, the magistrate judge warned the parties both verbally and by written order, *see* ECF No. 80, that sanctions including dismissal or default judgment, would be considered for violative conduct. Moreover, both the Funds and Great Lakes sought dismissal as a sanction for Laramie's discovery abuses. *See* ECF Nos. 83, 92.

*Harmon* is again instructive. *See* 110 F.3d at 368. In that case, the court ruled that a party cannot argue it is without notice that the district court was contemplating the dismissal of its complaint when the opposing party has filed a motion seeking that sanction. *See id.* Here, both the Funds

and Great Lakes did just that in the face of Laramie's continued

intransigence over the requested depositions. *See* ECF Nos. 83, 92.

Unbelievably, Laramie argues "no Motion to Dismiss was filed." ECF

No. 108, PageID.1554. Although it is true that no party submitted a filing

styled "Motion to Dismiss," Great Lakes' filing was titled "Motion for

Sanctions Against Laramie," and clearly set forth dismissal as the primary

requested sanction in its prayer for relief. ECF No. 92, PageID.1312.

Additionally, the Funds argued extensively for dismissal as the appropriate

sanction under Rule 37 in the supplemental brief they filed as ordered by

the magistrate judge after the parties failed to resolve the disputes from

their original pending motions to compel. *See* ECF No. 83. Laramie's

mendacious assertion that these filings, combined with repeated direct

warnings from the magistrate judge over a period of months, failed to place

it on notice that dismissal was being considered is further evidence of the

chicanery which triggered the requests for sanctions now considered by the

Court. Laramie's Objection #3 is overruled.

### D. Objection #4: Less Drastic Sanctions Not Considered

Laramie argues that dismissal is not appropriate here because the

magistrate judge did not consider lesser sanctions before recommending

dismissal of its counterclaim and third-party claim. First, the magistrate judge did consider lesser sanctions as she articulated in the R&R. ECF No. 104, PageID.1489. "Because Laramie thwarted all but one deposition during the discovery period, dispositive relief is the only sanction that 'would protect the integrity of the pre-trial proceedings.'" *Id*. (quoting *Buck*, 960 F.2d at 608). The statement that dispositive relief is the only appropriate sanction implies that all other possible sanctions were considered and found lacking. *See Harmon*, 110 F.3d at 368 (district courts need not "incant a litany of the available lesser sanctions").

But more importantly, a district court may dismiss a complaint as the first and only sanction when "presented with a record of sufficiently egregious conduct." *Id.* at 369.  Indeed, "none of the factors is outcome dispositive," and a case is properly dismissed "where there is a clear record of delay or contumacious conduct." *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 957 (6th Cir. 2018) (quoting *Schafer*, 529 F.3d at 737) (cleaned up); *see also Lovingood*, 2022 WL 17069662, at *5 ("[T]hat the district court had not considered alternative sanctions was not dispositive, considering plaintiff's counsel's contumacious conduct.").

As discussed at length throughout this opinion, the record here reflects that Laramie's counsel's conduct was stubbornly disobedient, willfully contemptuous, and demonstrated an intent to thwart or reckless disregard for judicial proceedings. In short, even if the magistrate judge had not articulated or considered lesser sanctions before recommending dismissal, the record establishes contumacious conduct sufficient to excuse such a failure. Accordingly, Laramie's Objection #4 is overruled.

## E. Objection #5: Dismissal Not Appropriate Where Party Has No Blame

Finally, Laramie argues that dismissal of its claims is not warranted because the offending conduct was the fault of counsel and not Laramie, the party.

Notably, the Supreme Court has afforded "no merit to the contention that dismissal of [a] claim because of…counsel's unexcused conduct imposes an unjust penalty on the client." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). Laramie relies on *Lovingood*, in which the Sixth Circuit, notwithstanding *Link*, acknowledged "that the sanction of dismissal with prejudice deprives a plaintiff of his day in court due to the inept actions of his counsel," and that accordingly, the "court has expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's

Page **19** of **22**

attorney." 2022 WL 17069662, at *3 (quoting *Mulbah*, 261 F.3d at 590)

(internal marks omitted). The *Lovingood* court also recognized that courts

are to apply the four-factor test more stringently where the conduct of a

party's attorney is the reason for dismissal. *Id*.

But *Lovingood* does not carry the day for Laramie. *Lovingood* notes

that, in *Harmon*, the Sixth Circuit

> explained the more stringent application of the four-factor test
> relevant for cases where, as here, the dismissal hinges on the
> plaintiff's attorney's conduct rather than the plaintiff's own
> actions: "With regard to the first factor, this court has stated that
> *dismissal of an action for an attorney's failure to comply should
> only be ordered where there is a clear record of delay or
> contumacious conduct*. Similarly, with regard to the third factor,
> the court has explained that where a plaintiff has not been given
> notice that dismissal is contemplated, a district court *should
> impose a penalty short of dismissal unless the derelict party has
> engaged in bad faith or contumacious conduct.* Finally, with
> regard to the fourth factor, although it is clear that the failure of
> the district court to impose or make explicit its consideration of
> lesser sanctions is not fatal, this court recently stated that, in the
> absence of such consideration, and *in the absence of
> contumacious conduct, an alternate sanction that would protect
> the integrity of pretrial procedures should be utilized rather than
> dismissal with prejudice*."

*Id*. (quoting *Harmon*, 110 F.3d at 367-68) (emphasis added). In other

words, under the more stringent standard applied to the actions of a

derelict attorney with a blameless client, dismissal is disfavored unless the

attorney has engaged in contumacious conduct. As the court in *Lovingood*

Page **20** of **22**

emphasized, where, as here, the attorneys' behavior is contumacious, dismissal remains an appropriate sanction. *See id*. at *5 (citing *Harmon*, 110 F.3d at 368-69 and *Reyes*, 307 F.3d at 456-57). Accordingly, Laramie's Objection #5 is overruled.

### F. Objection #6: Denial of Laramie's Motion to Compel Was Error

As the parties acknowledge, this objection does not relate to the R&R; rather, it addresses the magistrate judge's order regarding discovery motions, including Laramie's motion to compel (ECF No. 66). ECF No. 105. Accordingly, the Court will review Laramie's objections related to that order separately and under the proper standard of review for orders (as opposed to the standard of review for R&Rs applied here). To the extent it relates to the R&R (ECF No. 104), Objection #6 is overruled.

### V. Conclusion

For all these reasons, Laramie's objections (ECF No. 108) are **OVERRULED**, the R&R (ECF No. 104) is **ADOPTED IN PART**, Laramie's Counterclaim (ECF No. 19) and Third-Party Complaint (ECF No. 7) are **DISMISSED WITH PREJUDICE**, and Laramie is **PROHIBITED** from offering testimony during dispositive motion practice or at trial from Gordon

"Chip" F. Laramie, III, Jay Worthington, Susan Laramie, Robert Berar, Jason Guest, Beth Cox, Nick Frederick, Cary Dexter, and Jeff Laramie.

The Court declines to award the Funds and Great Lakes their reasonable expenses, including attorney fees under Rule 37(b)(2), because, although Laramie's conduct was contumacious, the conduct did not violate a written discovery order. Moreover, an award of expenses, on top of the harsher sanctions upheld here, would be unjust. *See* Fed. R. Civ. P. 37(b)(2)(C); *see also Ecimos v. Nortek Gloval HVAC LLC,* 2017 WL 3468563, at *14 (W.D. Tenn. Aug. 17, 2017) ("Dismissal of this action is a sufficient sanction. Imposing an additional fee award is unnecessary and would not be equitable."); *Mafcote v. Federal Ins. Co.*, 2011 WL 3793661, at *2 (E.D. Ky. Aug. 25, 2011) (extreme sanction of dismissal sufficient to penalize plaintiff for its conduct and to deter those who might be tempted to such conduct in the absence of such a deterrent).

**IT IS SO ORDERED.**

s/ Shalina D. Kumar
SHALINA D. KUMAR
Dated: March 21, 2025            United States District Judge