UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 324 PENSION FUND, et al., | |
| Plaintiffs, | Case No. 22-10709 |
| | Honorable Shalina D. Kumar |
| v. | Magistrate Judge Elizabeth A. Stafford |
| LARAMIE ENTERPRISES, INC., Defendant. | |
| *and* | |
| LARAMIE ENTERPRISES, INC., Third-Party Plaintiff, | |
| v. | |
| GREAT LAKES FABRICATORS & ERECTORS ASSOCIATION, Third-Party Defendant, | |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CERTIFY FOR IMMEDIATE APPEAL (ECF NO. 119)**

I.    **Introduction**

Plaintiffs, the various funds collecting employee benefit contributions

from unionized employers on behalf of their members ("the Funds"), filed

this collective action under 20 U.S.C. § 1145 and 29 U.S.C. § 1132(g)(2)

for unpaid employee benefit contributions from defendant/counter-plaintiff Laramie Enterprises, Inc. ("Laramie"), and Laramie filed both a counterclaim against the Funds and a third-party complaint against Great Lakes Fabricators & Erectors Association ("Great Lakes"). ECF No. 1; ECF No. 7; ECF No. 27. This case was referred to the assigned magistrate judge for all non-dispositive pretrial matters under 28 U.S.C. § 636(b)(1)(A). ECF No. 69.

The magistrate judge issued a Report and Recommendation ("R&R"), ECF No. 104, in which she found that Laramie had acted in bad faith to obstruct plaintiffs' efforts to conduct depositions. Over Laramie's objections, the Court adopted the R&R's recommendation to impose sanctions, dismissed Laramie's second amended counterclaim and third-party complaint and precluded the undeposed witnesses from offering testimony during dispositive motion practice or trial.[1] ECF Nos. 108, 114. Laramie now moves the Court to certify its ruling for immediate appeal under either Federal Rule of Civil Procedure 54(b) or 28 U.S.C. § 1292. ECF No. 119. The Court ordered the Funds and Great Lakes to respond,

---

[1] The Court, however, did not adopt the R&R's recommendation to order Laramie to pay the Funds' and Great Lakes' expenses and attorneys' fees. ECF No. 114.

and Laramie's motion is fully briefed. ECF Nos. 120-124. The Court finds

that the facts and law are adequately presented in the parties' briefs and

deems a hearing unnecessary for its determination of the motion. E.D.

Mich. L.R. 7.1(f)(2).

## II. Background

After more than a year of discovery, and Laramie's multiple

cancellations of noticed depositions of its witnesses, the Funds moved to

compel those depositions and to further extend the date by which discovery

must be completed days before the September 1, 2024 extended discovery

deadline. *See* ECF Nos. 59, 63, 64. Laramie responded with a motion to

compel of its own, arguing that meaningful depositions of its witnesses

could not proceed without full and complete responses to its written

discovery requests. ECF No. 66. The parties fully briefed Laramie's motion

(but not the Funds' motion), and on October 1, 2024, the magistrate judge

held a status conference regarding the parties' discovery disputes and the

motion to adjourn the scheduling order.[2] ECF Nos. 72, 74, 76.

---

[2] The Court referred the motion to extend deadlines to the magistrate
judge. ECF No. 69.

At that status conference, the magistrate judge explicitly admonished Laramie's counsel that he could not withhold witnesses for deposition based on the Funds' failure to supplement their discovery responses to Laramie's satisfaction. ECF No. 104, PageID.1473; ECF No. ECF No. 103, PageID.1441-42; ECF No. 83, PageID.1083; ECF No. 92, PageID.1304. The magistrate judge set another status conference for November 5, 2024, and extended the discovery deadline and the dispositive motion filing deadline to December 2, 2024 and January 2, 2025, respectively, to allow the parties to resolve their discovery disputes. ECF No. 104, PageID.1474; ECF No. 77.

At the November 2024 status conference, counsel reported that they had made no progress toward resolving their discovery disputes, so the magistrate judge scheduled a hearing on the pending motions and ordered the parties to supplement the briefing to advise the court of developments since the original motions had been filed. ECF No. 80. That order regarding discovery matters, issued after the November 5th status conference, explicitly warned counsel and parties that they could face sanctions including dismissal or default judgment under Federal Rule of Civil Procedure 37 and the court's inherent authority if it found that they had

violated the discovery rules or prior court orders. *Id*. The order indicates that the court had issued this warning before. *Id*.

The Funds and Laramie submitted supplemental briefs, ECF Nos. 83, 86, and Great Lakes moved for sanctions against Laramie related to the Funds' deposition requests. ECF No. 92. The supplemental briefing and Great Lakes' motion reported that, after the October status conference, the Funds' supplemented their responses to Laramie's document requests. ECF No. 86-1. The following day, October 17, 2024, the Funds sent Laramie deposition notices for the first week of November 2024. ECF No. 83-2. That same day, counsel for the Funds asked Laramie's counsel, via email, to confirm the appearances of the witnesses as noticed. ECF No. 83-3. Laramie's counsel responded nearly two weeks later, on October 30th, that they were available only for Michael Laramie's deposition on November 13, 2024, but had scheduling conflicts with all other dates. *Id*. Despite a promise to provide alternative available dates for the remaining depositions, Laramie instead served notices for the depositions it sought. ECF No. 104, PageID.1476. The Funds refused to adjourn the noticed depositions without confirmed alternative dates, reminding Laramie's counsel of the imminent discovery deadline. ECF No. 83-4, PageID.1136.

Laramie responded by asserting that the Funds' supplemented discovery responses remained inadequate and that Laramie "cannot proceed with depositions until the Funds responds (sic) in good faith," notwithstanding the magistrate judge's unambiguous pronouncement that withholding its witnesses from deposition on this basis was spurious. ECF No. 83-5, PageID.1139.

Even after the November 5th status conference, and the magistrate judge's repeated warning about sanctions for violated discovery rules or court rulings, Laramie obstreperously resisted producing its witnesses for deposition. The Funds issued another round of deposition notices on November 6th, scheduling depositions from November 13th to November 21st. ECF No. 83-7. Laramie's counsel waited until November 12th to respond, indicating that he required "more than a week or two to coordinate" schedules for depositions. ECF No. 83-8, PageID.1179. In that same correspondence, seemingly blind to the approaching discovery deadline, counsel for Laramie absurdly suggests to Funds' counsel: "Rather than drafting deposition notices for arbitrary dates, why don't you let me know the timeframe you are looking at. Within a week, I will coordinate with my client and let you know which dates work for us." *Id*.

Page **6** of **22**

Yet, on November 18th, just two weeks before the close of discovery and notwithstanding its continued refusal to produce its witnesses for deposition, Laramie unilaterally scheduled depositions for four Funds' witnesses. ECF No. 88-4.

As succinctly summarized in the R&R, the Funds pursued the depositions of nearly a dozen Laramie witnesses starting in July 2024 but "Laramie obstructed all but one of them from going forward during the discovery period." ECF No. 104, PageID.1480. In finding that Laramie's obstruction demonstrated willful bad faith, the magistrate judge recounted that she emphasized to Laramie that it had no right to condition the Funds' requested depositions on its satisfaction with their discovery responses, but Laramie's counsel ignored the court's admonishment and refused to proceed with noticed depositions "until the Funds responds (sic) in good faith." *Id*. at PageID.1482. The magistrate judge noted that Laramie "did not complain about the Funds' responses to its discovery requests for months, and not until the Funds were trying to schedule depositions; and it filed a barebones motion to compel and then failed to pursue a meaningful meet-and-confer or pare its requests. *Id*. at PageID.1485. She thereby concluded that Laramie's reliance on the Funds' alleged insufficient discovery

responses was a disingenuous excuse to thwart the taking of depositions. *Id*. Finally, as further evidence of Laramie's reckless disregard for the effect of its conduct on these proceedings, the R&R also noted the insulting tenor of Laramie's briefing along with the condescending comments in its counsel's emails to the Funds' counsel. *Id*. at PageID.1479 (citing ECF No. 86-2).

In addition to finding that Laramie demonstrated willful bad faith in its refusal to produce its witnesses for deposition, the R&R also determined that the other dismissal-as-sanction factors also favored dismissal of Laramie's counterclaim and third-party claim.

First, Laramie's actions prejudiced the Funds by preventing them from accessing evidence needed to prosecute their case. It likewise concluded that Laramie's failure to produce Chip Laramie for deposition prejudiced Great Lakes because Chip Laramie was identified in the responses to Great Lakes' interrogatories as the party who could provide testimony addressing Great Lakes' inquiries about Laramie's third-party claims against it. *Id*. at PageID.1487.

Next, the R&R noted that Laramie had been warned about its failure to cooperate in discovery and thus was on notice that it could face

dismissal or default judgment. In any event, warning was not required given the court's conclusion that Laramie had engaged in bad faith and contumacious conduct. *Id*. at 1488. And finally, the R&R concluded that dispositive relief was the only sanction that would protect the integrity of the pre-trial proceedings and thus was appropriate even though lesser sanctions had not been imposed. *Id*. at PageID.1489.

Laramie objected to the R&R, arguing that dismissal was not warranted because it did not act in bad faith, its actions did not prejudice the Funds or Great Lakes, Laramie lacked sufficient notice of dismissal, less drastic sanctions were not considered, and because the offending conduct was that of counsel, not Laramie itself. *See* ECF No. 108.

As the Court noted in overruling Laramie's objections, Laramie advanced these arguments for the first time in its objections; it never presented any of these arguments to the magistrate judge in opposing the Funds and Great Lakes' motions and thus waived them. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000). Although the Court did not need to consider Laramie's waived arguments in overruling its objections, its opinion and order addressed the objections' merits, found them wanting, adopted the R&R, and dismissed Laramie's counterclaim against the Funds

and its third-party claim against Great Lakes. *See* ECF No. 114. It also prohibited Laramie from offering testimony from the never-deposed witnesses during dispositive motion practice and trial but declined to award the Funds and Great Lakes their reasonable expenses or fees. *Id*.

Laramie seeks to immediately appeal the Court's order dismissing its counterclaim and third-party complaint and thus asks the Court to certify that order as final and without a just reason to delay appellate review under Federal Rule of Civil Procedure 54(b), or, in the alternative, certify it as appropriate for interlocutory appeal under 28 U.S.C. § 1292(b). ECF No. 119. For the reasons below, the Court declines to certify the order for immediate appeal.

### III.   Analysis

#### A. Certification under Rule 54(b)

Federal Rule of Civil Procedure 54(b) permits immediate review of certain district court orders that adjudicate fewer than all the claims or liabilities at issue in the case, but only "if the court expressly determines that there is no just reason for delay." To certify a ruling as final and appealable under Rule 54(b), the district court must first make two independent findings. *Rowland v. Southern Health Partners, Inc.*, 4 F.4th

422, 426 (6th Cir. 2021) (citations omitted). First, the court must expressly direct the entry of final judgment as to one or more, but fewer than all, claims or parties in a case and second, it must expressly find that there is no just reason to delay appellate review. *Id*. at 426-27 (quoting *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)). Rule 54(b) "does not tolerate immediate appeal of every action taken by a district court" so it "must clearly explain why it has concluded that immediate review of the challenged ruling is desirable." *Gen. Acquisition*, 23 F.3d at 1026 (citations omitted).

The parties agree that the order dismissing Laramie's counterclaim and third-party complaint may properly be designated as a final judgment under Rule 54(b). *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002) (district court need only recognize that an order disposing of one or more but fewer than all claims or parties is a partial final judgment to certify an immediate appeal under Rule 54(b)). Without doubt, the Court's order is the ultimate disposition—dismissal—of some, but not all, cognizable claims for relief—Laramie's counterclaim and third-party complaint. *See Gen. Acquisition*, 23 F.3d at 1027 (quoting *Curtis-Wright Corp. v. General Electric, Co.*, 446 U.S. 1, 7 (1980)). The Court thus

concurs with the parties' assessment that the order is a final judgment with respect to Laramie's counterclaim against the Funds and its third-party claim against Great Lakes.

The Funds and Great Lakes contest Laramie's assertion that there is no just reason to delay appellate review, however. Indeed, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id*. at 1027 (internal quotation omitted). Rather, the district court must "balance the needs of the parties against the interests of efficient case management" to determine whether a final judgment should be subject to an immediate appeal. *Id*. In doing so, it should bear in mind that "[f]ederal courts do not favor piecemeal appeals." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 645 (N.D. Ohio 2016).  In fact, "[t]he Sixth Circuit has mandated that certification under Fed. R. Civ. P. 54(b) be a rare and extraordinary event, available only in unique situations where the moving party" demonstrates delaying an appeal would cause "extreme hardship." *Dunigan v. Thomas*, 2024 WL 889032, at *8 (E.D. Mich. Mar. 1, 2024) (citing *Callahan v. Alexander*, 810 F. Supp. 884, 885-86 (E.D. Mich. 1993)).

The Sixth Circuit provided the district courts this non-exhaustive list of factors to aid in their analysis:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id*. at *5 (citing *Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)); *see also Rowland*, 4 F.4th at 427. "Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Corrosioneering*, 807 F.2d at 1283. Ultimately, "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8.

Addressing the first factor, Laramie's adjudicated counterclaim is inarguably related to the Funds' unadjudicated claim. Put simply, the Funds' complaint claims Laramie underpaid the amounts owed under the governing collective bargaining agreement (CBA) for its employees' fringe

benefits and Laramie's counterclaim alleges that it erroneously overpaid the amount it owed for these benefits. *See* ECF Nos. 1, 27.

Laramie's dismissed third-party complaint against Great Lakes is also intertwined with the Funds' pending claims against Laramie. Laramie asserts that Great Lakes breached its contractual and fiduciary duties to Laramie by executing a Memorandum of Understanding (MOU), binding Laramie, without its knowledge or authority, to pay the increased amount the Funds claim Laramie owes. *See* ECF No. 7. In sum, Laramie's third-party complaint seeks indemnification from Great Lakes for any additional amount Laramie might owe to the Funds if they prevail in their suit, as well as for Laramie's costs and attorney fees. The pending and two adjudicated claims all pertain to payments for union member fringe benefits under the same CBA and under the same disputed MOU—how much might be owed to the Funds as underpayment, to Laramie as refund for overpayment, and by Great Lakes as indemnification.

Laramie concedes that here "the adjudicated and unadjudicated claims are deeply intertwined," asserting that "one cannot be considered without the other" as part of its argument for the immediate appeal of the dismissal of its claims. But this argument disregards Sixth Circuit precedent

Page **14** of **22**

that the interrelationship between the adjudicated and unadjudicated claims "weighs heavily *against* certification under Rule 54(b)." *Lowery v. Federal Exp. Corp.*, 426 F. App'x 817, 822 (6th Cir. 2005) (emphasis added); *see also Dunigan*, 2024 WL 889032, at *5 (claims that arise from the same set of operative facts are sufficiently interrelated to weigh against certification). Indeed, several courts have given this factor the greatest weight, relying on it solely to deny Rule 54(b) certification. *See Reed v. Gulf Coast Enterprises*, 2016 WL 3963187, at *9 (W.D. Ky. July 21, 2016) (collecting cases). This factor strongly militates against Laramie's request for immediate review. *See id.*

Laramie argues that an appeal of these dismissals should precede a trial of the Funds' claims because, if the appellate court reverses the dismissal of its claims, the efficiency of a single trial of all the related claims serves the parties and judicial economy. This argument, addressing the fifth factor, overlooks the very real possibility[3] that the Funds' remaining claims could be decided at summary judgment, obviating the need for a

---

[3] Because the Opinion also prohibited the use of testimony from the undeposed Laramie witnesses at trial or for summary judgment purposes, Laramie may not be able to raise a genuine issue of material fact to ward off summary judgment against it. *See* ECF No. 114.

trial and causing only a short delay before Laramie could appeal all rulings by right. Laramie's argument also ignores its own flipside: if the Funds' claims are addressed before any appeal, and the appellate court upholds the dismissal of Laramie's claims, the case would be fully resolved with a single appeal and, at most, a single trial.

Indeed, courts are "hesitant to certify an appeal based on judicial economy when the efficiency to be gained depends on a particular outcome at the appellate court." *Luxottica of Am., Inc. v. Allianz Global Risks US Ins. Co.*, 2021 WL 5759140, at *4 (S.D. Ohio Dec. 3, 2021); *see also Dunigan*, 2024 WL 889032, at *8. Here, "as a matter of judicial efficiency and convenience it would be more practical if all claims arising out of this case were resolved here and then considered only once in the appellate court." *QSI-Fostoria DC, LLC v. Gen. Elec. Capital Bus. Asset Funding Corp.*, 2008 WL 163605, at *7 (N.D. Ohio Jan. 16, 2008).

The remaining factors do not persuade the Court otherwise. With respect to the second factor, the resolution of the Funds' claims on the merits will not fully moot the need for appellate review of the dismissal of Laramie's claims as a discovery sanction. Even if Laramie prevails against the Funds on the Funds' claims—thereby mooting its indemnification claim

against Great Lakes—its appeal would still address a live controversy over a refund owed to Laramie for alleged overpayments to the Funds. The fact that an appeal now is unlikely to be completely mooted by further proceedings in this Court provides support for an immediate appeal; however, this factor is not dispositive. *Harris v. Sowers*, 2022 WL 2118931, at *4 (S.D. Ohio June 13, 2022) (citing *Luxottica,* 2021 WL 5759140, at *4); *see also Lauve v. Winfrey*, 2018 WL 5786202, at *4 (E.D. Mich. Nov. 5, 2018) (finding that despite second and fourth factors supporting an immediate appeal, judicial economy and undesirability of piecemeal appeals weighed against Rule 54(b) certification).

Turning to the third factor, there is virtually no possibility that the appellate court would be obliged to consider the dismissal of Laramie's claims as a sanction a second time. But courts characterize "issue" more broadly than simply the specific question decided by the district court. *See Luxottica*, 2021 WL 5759140, at *4. In addressing this same factor, the Sixth Circuit found "[t]he greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal." *Lowery*, 426 F.3d at 823. In other words, the third factor

Page **17** of **22**

weighs against an immediate appeal when there is substantial factual overlap in the factual basis between the adjudicated and unadjudicated claims. *See Harris*, 2022 WL 2118931, at \*4; *Luxottica*, 2021 WL 5759140, at \*4. Here, the factual basis between the adjudicated and unadjudicated claims is the same—how much was Laramie required to pay the Funds as its fringe benefit contribution for its union employees. Thus, the third factor weighs against an immediate appeal.

Laramie argues that but for the dismissal of its claims, there "would certainly" be a set-off against anything recovered for the unadjudicated claims. ECF No. 119. PageID.4536. The Court does not agree. As it understands the parties' dispute, if Laramie owed contributions under the terms of the MOU, the Funds would recover the amount of Laramie's underpayment. To the contrary, if Laramie owed contributions under the unaltered terms of the CBA, then the Funds would owe Laramie a refund of its overpayment. Relief to one party would be mutually exclusive to relief for the other. Nevertheless, even if Laramie's assertion of a potential set-off here were correct, the presence of such a set-off weighs against an immediate appeal. *See Reed*, 2016 WL 3963187, at \*9.

In sum, the factors taken together counsel against a Rule 54(b) certification for appeal of the Court's order for sanctions. Accordingly, the Court finds just reason to delay appeal and denies Laramie's motion for certification under Rule 54(b).

## B. Certification under 28 U.S.C. § 1292(b)

Laramie alternatively argues that the Court should certify its dismissal order for immediate appeal under 28 U.S.C. § 1292(b). ECF No. 114, PageID.4536-42. Interlocutory appeals under § 1292(b) are "generally disfavored and should be applied sparingly,…'only in exceptional circumstances.'" *Dunigan*, 2024 WL 889032, at *9 (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)).

Under § 1292(b), a district judge has discretion to certify a non-final order for an interlocutory appeal if the judge believes the moving party has shown that: (1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Dunigan*, 2024 WL 889032, at *9 (citing *In re City of Memphis*, 293 F.3d at 350). To prevail, "[t]he moving party bears the burden to show that each requirement of § 1292(b) is

Page **19** of **22**

satisfied" and the district court must then expressly find, in writing, that each requirement has been met. *Id*. (citing *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022)). "It is well-established that all three statutory requirements must be met for the court to certify an appeal under § 1292(b)." *In re Gillespie*, 2023 WL 4549561, at *3 (E.D. Mich. July 14, 2023) (quotation omitted).

Because the failure to satisfy even one requirement dooms a motion for leave to file an immediate appeal, the Court begins and ends its analysis with the first § 1292(b) factor. *See id*. That factor requires Laramie to demonstrate that the Court's order dismissing its counter and third-party claims as a discovery sanction involves a controlling question of law. *See In re City of Memphis*, 293 F.3d at 350. A controlling question of law is one that could "materially affect the outcome of the case." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76 (E.D. Mich. 2012).

Laramie maintains that whether its (or its counsels') conduct justified this Court's ordered sanctions, including dismissal of its counterclaim and third-party claim, is a question that materially affects the outcome of the case thereby satisfying the first § 1292(b) requirement. But matters within the district court's discretion are not the type of legal questions envisioned

Page **20** of **22**

by § 1292(b*). In re City of Memphis*, 293 F.3d at 351. Without a doubt, district courts are imbued with broad discretion with regard to sanctions under Federal Rule of Civil Procedure 37. *See Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 208-09 (1999); 8B Charles Alan Wright et al., *Federal Practice and Procedure* § 2284 (3d ed. 2010); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366 (6th Cir. 1997) (district court decision to impose discovery sanctions is reviewed for abuse of discretion). For this reason, courts generally deny leave to file an interlocutory appeal for orders imposing discovery sanctions. *See, e.g.*, *Shannon v. State Farm Ins. Co.*, 2016 WL 3031383, at *2 (E.D. Mich. May 27, 2016). Indeed, as astutely observed by Justice Thomas in *Cunningham*:

> To permit an immediate appeal from such a sanctions order would undermine the very purposes of Rule 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process. Immediate appeals of such orders would undermine trial judges' discretion to structure a sanction in the most effective manner. They might choose not to sanction an attorney, despite abusive conduct, in order to avoid further delays in their proceedings. Not only would such an approach ignore the deference owed by appellate courts to trial judges charged with managing the discovery process, it also could forestall resolution of the case as each new sanction would give rise to a new appeal. The result might well be the very sorts of piecemeal appeals and concomitant delays that the final judgment rule was designed to prevent.

527 U.S. at 208-09 (internal citations omitted).

Laramie's assertion that the Court abused its discretion in imposing the sanctions, including dismissal, against it under Rule 37 does not create a controlling question of law. Because Laramie cannot satisfy all the requirements for an interlocutory appeal under § 1292(b), it is not entitled to an immediate appeal under that statute.

## IV.   Conclusion

For all the reasons discussed, the Court **DENIES** Laramie's motion to certify the Court's order, ECF No. 114, for immediate appeal.

**IT IS SO ORDERED.**

<u>s/ Shalina D. Kumar</u>
SHALINA D. KUMAR
Dated: September 19, 2025          United States District Judge